Wing *v.* Abbott.

GREENLIEF WING *versus* WILLIAM ABBOTT.

If a record of a judgment of a justice of the peace has been lost, the party who would avail himself of it must show, that he has exhausted, in a reasonable degree, all the sources of information and means of discovery, which the nature of the case would naturally suggest, and which were accessible to him, before other evidence is admissible.

STATEMENT of facts.

This is an action of debt on a judgment, as recovered 5th

Feb'y, 1831, before Wm. Morse, jr. who died about six years ago.

Defendant pleads "*nul tiel record*," and also payment. The plaintiff called Asaph R. Nichols, clerk of this Court, who testified that he had searched the clerk's office, and could not find the docket of said Morse ; that the only papers he can find there, belonging to said Morse, were brought to the office by the plaintiff [in interest] in a trunk a few days ago, and that the docket cannot be found amongst them.

Wm. H. Clark, a nephew of said Morse, testified that he had sought for the docket a few days ago in the office of Wm. Clark, Esq. at the plaintiff's request, it being the place which he thought most likely to contain it, but could not find it, that he would have searched more, if the plaintiff had requested it.

On cross-examination he said Morse and Wm. Clark never were in partnership, nor did Morse ever occupy that office, or any other place, for justice business, to the witness' knowledge, except his dwellinghouse, and that he, the witness, had never heard of an administrator being appointed.

Hiram Fuller testified, that a few days ago, he made search at the house occupied by Morse's widow, for the docket in a trunk of papers pointed out as the papers of Morse, that there were other trunks or chests there which he did not search, one at one Palmer's store, but could not find the docket.

The plaintiff's Att'y, John Otis, who is assignee of the original note sued, made his own affidavit, stating that he had made diligent search for the docket and could not find it. This affidavit may be referred to. The admission of the affidavit was objected to. The plaintiff's attorney admitted that Morse used to keep a docket, and search had been made as before stated without finding it.

Plaintiff then introduced the following testimony and documents, all of which were objected to.

The original writ, signed by Morse, with minutes of the judgment on the back of it, corresponding with the declaration in the present suit, and a minute that execution issued 7th

Feb'y, 1831 : — the original note with proof of defendant's signature : — and the alias execution signed by Morse.

James R. Bachelder, Esq. testified that he, being a deputy sheriff, served the original writ, also the said alias execution, both of which now contain his original return.

Plaintiff also introduced a copy of said original writ with the minutes aforesaid indorsed thereon, attested by said Nichols, clerk of the Court. The above papers may be referred to by either party.

No administration had ever been taken out on Morse's estate.

At this stage of the case the parties agreed that the Judge should report the facts, and that they would turn the same into an agreed statement of facts, the defendant to be defaulted, if the Court should be of opinion, that the plaintiff is entitled upon the above evidence to recover, in which event the clerk is, on a hearing, to fix the amount of debt; otherwise the plaintiff is to become nonsuit. Pursuant to that agreement, the report of the case is made by the Judge, and the parties hereby submit the matter to the decision of the Court as above agreed.

" Certificate of the Clerk, referred to in the statement of facts.

" Kennebec, No. 23, May Term, 1847. *Wing* v. *Abbott.*

" Minutes extracted from the original justice writ and execution on file in the clerk's office.

"¶Date of writ, Dec. 7, 1830, return day Jan'y 29, 1831. Judgment made up on the back of said writ as follows : —

| | |
|---|---:|
| " Writ, &c. | $1,07 |
| " Service, | 93 |
| " Entry, | 61 |
| " Travel, | 1,32 |
| " Att. | 33 |
| | 4,26 |
| " Debt, | 16,94 |

" Execution issued Feb'y 7, 1831.

" The first execution issued as above has not been returned to clerk's office. The execution on file is an alias execu

tion for the same amount of debt and cost as above made up, dated April 22, 1831, and purports to be issued on a judgment rendered by Wm. Morse, Jr. Feb'y 5, 1831.

                              " W. M. Stratton, Clerk."

*H. W. Paine,* for the plaintiff. This is an action of debt on a judgment.

The question is, did the plaintiff prove enough to maintain the issue on his part ?

The plaintiff introduced the original writ signed by the justice ; the minutes of judgment on the back of the writ; the minute of execution issued Feb'y 7, 1831 ; the original note with proof of defendant's signature ; the alias execution signed by the justice ; the testimony of Bachelder, the officer who served the writ and the alias execution ; and an attested copy of the original writ, by Nichols, clerk.

Was the plaintiff bound to introduce the judgment extended in form, or an attested copy of it ?

The statute passed in 1829, requiring justices of the peace to extend and perfect their records within 60 days was repealed in 1830.

Since the repeal of the act of 1829, justices of the peace in point of fact, have not been in the habit of making up their records.

And in *Pruden* v. *Alden,* 23 Pick. 187, it is said by the Chief Justice, " that the Court are to take notice how the records of their own and of other Courts are in fact made up and kept.

This case of *Pruden* v. *Alden,* is much in point. The tenant claimed under a sale by license from Court to an administratrix. The only proof of license was the recital of the same in the deed. No record thereof could be found in the Court, which was said to have granted the license. The Court held, after the lapse of 30 years, that the license was sufficiently proved.

It is decided in *Davidson* v. *Slocum,* 18 Pick. 464, that upon appeal from the judgment of a justice of the peace, if it appear that the justice died before extending his record, his

original minutes containing all the material facts, which the record would have comprised, will be regarded as substantially a record. To the same effect is *Baldwin* v. *Prouty*, 13 Johns. R. 430.

In the case at bar, the justice is dead, and a copy of record certified by him ( if any extended record had been made) cannot be produced.

Of what avail would have been the docket of the justice ?

The docket would have shown no more than is shown without it. It exhibits the names of the parties, so does the writ; the amount of the judgment, so do the minutes on back of writ; the time when execution issued, so does the minute on the back of writ.

" The judgment derives no additional verity from the entries on the docket, nor can it be impeached by them." *Southgate* v. *Burnham,* 1 Greenl. 369.

The recital in the execution issued by the justice, that judgment had been rendered, is quite as satisfactory, as any minute of. that fact on the docket could be.

At all events the plaintiff has used due diligence to find the docket. The testimony of Clark and Fuller, recited in the agreed statement, abundantly show this. The affidavit of Mr. Otis, plaintiff in interest, was clearly admissible. *Donnelson* v. *Taylor,* 8 Pick. 390 ; *Adams* v. *Lealand,* 7 Pick. 62.

By the 24th sec. c. 116, it is made the duty of the administrator or executor of a deceased justice, to deposit his records and papers with the clerk of the courts. But here the case finds, there was no executor or administrator.

By 27th sec. c. 116, the copies of such papers certified by the clerk, are made good evidence.

The object of the Legislature was to preserve the papers of deceased justices, and to provide a new mode of authenticating copies of his papers, but the statute was not intended to prohibit the plaintiff from maintaining his case in any other competent way.

*Bradbury,* for the defendant. The plaintiff having declared upon a record, with a *profert in curia,* is bound to produce it..

He, has neither done this, nor accounted for its absence; nor produced adequate secondary evidence.

By sect. 15, c. 76, of stat. of 1821, justices are required to keep a fair record of their proceedings; and by the stat. of 1829, they were required to extend them within sixty days. It is to be presumed, that magistrates do their duty.

1. The plaintiff has not accounted for the absence of the record declared on.

There has been no adequate search for it. On the decease of the justice his records are presumed to have been left in the charge of his wife. The case shows that she was residing at Hallowell, at the time of the trial, and yet she neither made search, nor was she called on to testify. For aught that appears she now has the docket, (with the justice's extended records,) which the plaintiff admits the justice kept.

The search proved, exhibits rather a desire to avoid finding than to discover the material papers of this magistrate.

Mr. Clark searches in his father's office, where Morse, the justice, never kept, and was never known to have a paper.

Fuller searched at Palmer's store, and " a few days ago searched at the house occupied by his (Mr. Morse's) widow, for the docket in a trunk of papers pointed out as papers of Morse, that *there were other trunks or chests there which he did not search.*"

Who pointed out this trunk does not appear; nor is it pretended that this trunk contained all the papers of Morse. The papers produced were not found in it. The other trunks were not examined; nor was Mrs. Morse inquired of, nor requested to search, nor to testify. No administrator had been appointed and the papers were in her custody. Mr. Otis was interested, as plaintiff of interest, and his affidavit is inadmissible. Nor does it state any one spot on earth that he did search.

2. The papers produced are not adequate proof of the record declared on. They are merely the original writ, in which the return day is Jan'y 29, 1831. And an execution dated April 5, 1831, reciting a judgment as rendered Feb'y 5, 1831.

On the back of the writ is a taxation of costs and a memorandum of the issuing of an execution Feb'y 7, but not in the handwriting of the justice. The taxation goes to show that there was no continuance of the action. The action was not entered until a week after the return day. Had the docket been produced the fact would have appeared. The execution issued Feb'y 7, if any such was issued, would show, if produced, that there was an utter abandonment of all claim under the pretended judgment. An alias execution could not issue in a regular judgment, until the return of the first execution.

The Court will not in such case, presume that the record cannot be found, when its presence would probably be fatal to the plaintiff's action, and he seems to have avoided making a suitable search.

The opinion of the Court was drawn up by

WELLS J. — Where an instrument or record is lost, the party is expected to show, that he has exhausted, in a reasonable degree, all the sources of information and means of discovery, which the nature of the case would naturally suggest, and which were accessible to him. 1 Greenl. on Ev. § 558.

It appears in the present case, that the widow of the justice is living, but neither her testimony, nor that of any member of his family was introduced. They would ordinarily have the best means of knowing whether the docket, which is said to contain the record, was lost, and the contents of it. No witness testifies to a sufficient examination of the places of deposit of the justice's papers.

And the secondary evidence is too loose and uncertain, to show a proper judgment. The writ was made returnable on the 29th of January, 1831, on which day the judgment should have been rendered. There is no minute of any continuance. The alias execution recites a judgment rendered February 5, 1831. A judgment, rendered on that day, is not evidence of one, which should have been rendered on another day. There is no evidence of a judgment on the 29th of January. In the case of *Davidson* v. *Slocomb*, 18 Pick. 464, the minutes of

the justice contained all the material parts, which the record would comprise. *In Pruden* v. *Alden*, 23 Pick. 184, there had been over thirty years possession, under the deed of the administratrix, to whom it was alleged the license had been granted. Here was sufficient time to authorize the application of the doctrine of presumption.

The present case is not equal in proof, to that of *Clap* v. *Clap*, 4 Mass. R. 520, where the judgment was reversed for error in the record.

According to the agreement of the parties, a nonsuit must be entered.